WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin T Hogen,<br><br>　　　　Plaintiff,<br><br>v.<br><br>X Corporation, et al.,<br><br>　　　　Defendants. | No. CV-24-03308-PHX-MTL<br><br>**ORDER** |

Before the Court are two motions filed by Plaintiff Benjamin Hogen. The first motion seeks leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Doc. 21 at 2.) The second motion does not indicate what type of leave is sought and instead only attaches a new document with strikethroughs and underlined additions. (Doc. 25.) Despite this procedural deficiency, because Hogen is proceeding pro se, and because the attached complaint seems to follow LRCiv. 15.1(a)'s requirement for parties to "indicate in what respect [a new pleading] differs from the pleading which it amends," the Court construes the second motion as also seeking leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure.

**I.**

A district court has discretion whether to grant or deny leave to amend. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave is not required when amending the complaint "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in

futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Defendants Meta Platforms Inc. and X Corporation do not oppose Hogen's first motion to amend. (Doc. 23 at 4; Doc. 24 at 6 n.1.) With there being no opposition, the Court will grant Hogen's first motion and restrict his ability to seek future amendments.

The Court will not allow Hogen to further amend the complaint without a strong showing of good cause and leave of court. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). The pleading stage for this case has been ongoing for nearly six months, and the parties have attempted multiple good faith consultations to resolve the deficiencies in Hogen's complaint. (Doc. 13-1 at 2; Doc. 18 at 6; Doc. 24-1 at 2.) During these consultations, Hogen declined the opportunity to amend or otherwise did not respond to Defendants' communications. (*See* Doc. 18 at 6; Doc. 24-1 at 2.) Yet once Defendants would file their motions to dismiss, Hogen would respond by seeking leave to amend. That tactic by Hogen would kick off a new round of briefing and further delay the progression of this matter. Restricting Hogen's ability to further amend the complaint will promote the efficient and expedient resolution of this case.

Moreover, "a district court's discretion over [motions seeking leave to amend] is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (1987) (quoting *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)). Allowing further amendment here, especially during the pleading stage, would be highly prejudicial to Defendants because Hogen's repeated tactic of seeking leave after the filing of a motion to dismiss turns his complaint into a "moving target," requiring Defendants to "expend significant time and resources in order to understand and respond to [the complaint's] evolving allegations." *Hanks v. Harper*, No. CV-19-03174-PHX-DLR, 2019 WL 6050229, at *2 (D. Ariz. Nov. 15, 2019). Prejudice to the opposing party has the greatest weight when

determining whether to grant leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Limiting Hogen's ability to seek further amendment will mitigate future prejudice to Defendants.

Therefore, the Court will grant Hogen's first motion to amend (Doc. 21) but not allow further amendment without a strong showing of good cause and leave of court.

**II.**

Hogen's second motion does not explain why further amendment is necessary. Hogen, however, explains in later filings that his "interest in researching and crafting his arguments" supports amending the complaint. (Doc. 28 at 5.)

For the reasons stated above, the Court finds Hogen has not made a strong showing of good cause. Hogen's second motion is not related to any newly discovered facts and appears to be a response to Defendant X Corporation's motion to dismiss. Granting the motion would unfairly prejudice Defendants. *See Hanks*, 2019 WL 6050229, at *2.

Therefore, the Court will deny Hogen's second motion to amend (Doc. 25).

**III.**

The filing of an "amended complaint supersedes the original, the later being treated thereafter as non-existent." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)). Granting Hogen's first motion to amend means there will be a new operative complaint. That operative pleading will make Defendants' motions directed at the original complaint and second motion to amend moot. *See id.*

**IT IS THEREFORE ORDERED** granting Plaintiff Benjamin Hogen's first motion to amend complaint (Doc. 21). The Court will impose the below briefing schedule for this amended pleading. There will be no adjustment to the Court's briefing schedule absent extraordinary circumstances.

(1) Plaintiff Benjamin Hogen must file a separate, clean copy of his amended complaint (Doc. 21-1) no later than **August 18, 2025**. No further amendment will be allowed without a strong showing of good cause and leave of court.

      (2)    Defendant Meta Platforms Inc. must answer or otherwise respond to Plaintiff's amended complaint no later than **September 1, 2025**.

      (3)    Defendant X Corporation must refile its motion to dismiss or provide a notice informing the Court of its intent to rely on its previous filing (Doc. 24) no later than **September 1, 2025**. Defendant X Corporations' motion to dismiss (Doc. 24) remains pending at this time.

      (4)    Plaintiff Benjamin Hogen must respond to any motions to dismiss filed by Defendants no later than **October 1, 2025**.

      (5)    Defendants may file replies in support of any motions to dismiss no later than **October 15, 2025**.

**IT IS FURTHER ORDERED** denying Plaintiff Benjamin Hogen's second motion to amend complaint (Doc. 25).

**IT IS FINALLY ORDERED** the following motions are denied as moot because they are directed at the original complaint or Plaintiff's second motion seeking leave to amend:

      (1)    Defendant X Corporation's motion to dismiss (Doc. 13).

      (2)    Defendant Meta Platforms Inc.'s motion to dismiss (Doc. 18).

      (3)    Defendant Meta Platforms Inc.'s motion to extend time (Doc. 26).

      (4)    Defendant Meta Platforms Inc.'s motion to strike or dismiss motion seeking leave to amend (Doc. 27).

Dated this 13th day of August, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge