**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin T Hogen, | No. CV-24-03308-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| X Corporation, et al., | |
| Defendants. | |

Before the Court are Defendant Meta Platforms, Inc.'s ("Meta") Motion to Dismiss (Doc. 32) and Defendant X Corp.'s Motion to Dismiss (Doc. 24). The Court will grant both Motions.

**I.     BACKGOUND**

The following facts are taken from Plaintiff Benjamin T Hogen's First Amended Complaint ("FAC") (Doc. 30). This case arises out of a trademark dispute concerning Plaintiff's registered word mark PHRONT. (*See generally id.*) Under the PHRONT name, Plaintiff offers "anonymous spiritual consulting services" on various online platforms. (*Id.* ¶¶ 23-26.) Through preaching on these platforms, he has amassed a community of thousands of users who listen to him preach and occasionally wish to purchase his spiritual consulting services. (*Id.* ¶¶ 25-27.) But because anonymity is critical, users can't connect with Plaintiff directly. (*Id.* ¶ 27.) Users must instead first "join[] the PHRONT spiritual community." (*Id.*)

To do so, users enter PHRONT into various search engines and, by nature of its

unique name, expect to be directed to Plaintiff and the PHRONT community. (*Id.* ¶¶ 29-30.) These search results yield Facebook, Instagram, and X accounts with the username PHRONT. (*Id.* ¶ 30.) These accounts appear official and post various statements relating to and on behalf of the PHRONT community. (*Id.* ¶¶ 39-43.) But despite his trademark, these accounts are controlled by unknown third parties—not Plaintiff. (*Id.* ¶¶ 19-21, 30, 39.) Troubled by this, Plaintiff twice notified Defendants that he holds the PHRONT trademark and asked them to reassign the PHRONT usernames to him. (*Id.* ¶¶ 5, 44.) Defendants have not done so. (*Id.* ¶ 45.) Plaintiff then initiated this suit *pro se* seeking declaratory and injunctive relief. (*Id.* ¶¶ 44, 56.)

Plaintiff alleges that by permitting third parties to use PHRONT usernames on their platforms Defendants have directly, or in the alternative contributorily, infringed his trademark. (*Id.* ¶¶ 32-55.) Defendants moved to dismiss his original complaint for lack of personal jurisdiction and for failure to state a claim for which relief could be granted. (Docs. 13, 18.) After some unorthodox motion practice, Plaintiff filed the FAC with leave of the Court. (Docs. 21, 25, 29, 30.) Defendants moved to dismiss the FAC on the same grounds. (Docs. 24, 32, 33.) Plaintiff responded. (Doc. 34.) Defendants replied. (Docs. 35, 36.)

Because this Court lacks personal jurisdiction over Defendants it will grant Defendants' Motions.[1] Thus, the Court will not address the merits.

## II.   LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, a defendant may move "to dismiss the complaint for lack of personal jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs. Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In response, a plaintiff bears the burden of establishing personal jurisdiction. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023). "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true." *Mavrix Photo, Inc. v.*

---

[1] The Court finds a hearing unnecessary because the parties fully briefed the issue, and oral argument would not aid the decisional process. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

- 2 -

*Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citation modified). *Pro se* pleadings are construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A liberal construction of a *pro se* complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022). Here, the Court looks to the FAC as the operative complaint. *See Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018).

When no applicable federal statute confers personal jurisdiction upon a district court, the district court applies the law of the state in which the district court sits. *Herbal Brands*, 72 F.4th at 1089. Arizona's long-arm statute allows courts to exercise personal jurisdiction over a person to the extent allowed by the Arizona and United States Constitutions. Ariz. R. Civ. P. 4.2(a). Arizona's constitutional requirements for personal jurisdiction are coextensive with the limits of federal due process. *Herbal Brands*, 72 F.4th at 1089.

For a court to have personal jurisdiction over a defendant, federal due process requires that nonresident defendants have "certain minimum contacts" with the forum state so that the lawsuit "does not offend traditional notions of fair play and substantial justice." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750 (9th Cir. 2025) (en banc) (citation modified); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction can be either general or specific. *Briskin*, 135 F.4th at 750.

General jurisdiction extends to any lawsuit where a defendant is "essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Corporations are "essentially at home" in their states of incorporation, their principal places of business, or where they otherwise have "continuous and systematic contacts." *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014). Neither Defendant is incorporated in Arizona nor has its principal place of business in Arizona. (Doc. 30 ¶¶ 2-3.) And "[o]nly in an 'exceptional case' will general jurisdiction be available" outside the state of incorporation or the principal place of business. *Martinez v. Aero Caribbean*, 764 F.3d

1062, 1070 (9th Cir. 2014) (quoting *Daimler*, 571 U.S. at 139 n.19)). Plaintiff's jurisdictional allegations do not suggest that Defendants are otherwise essentially at home in Arizona. Thus, this Court does not have general jurisdiction over Defendants.

The Court can then only exercise jurisdiction over Defendants if there is specific jurisdiction. Specific jurisdiction extends to lawsuits where the defendant's suit-related conduct creates a substantial connection to the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Ninth Circuit analyzes specific jurisdiction under a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If Plaintiff establishes the first two prongs, the burden shifts to Defendants to show that the third is not met. *Id.*

### III.    DISCUSSION

Plaintiff contends that Defendants are subject to personal jurisdiction in this district for three reasons. First, Plaintiff put Defendants on notice of his trademark and their infringement before filing this lawsuit. (Doc. 30 ¶ 5.) Second, Defendants assist advertisers in targeting Arizona residents, and Defendants conduct business in Arizona. (*Id.* ¶¶ 10-16.) Third, Defendants knew that permitting their users to use PHRONT usernames would significantly impact the Arizona marketplace. (*Id.* ¶¶ 6-9.) The Court will address each of these jurisdictional allegations in turn.

### A.    Plaintiff's Notice to Defendants

Plaintiff first argues that this Court has personal jurisdiction over Defendants because he put them on notice of their alleged infringement before filing the lawsuit, yet

they continued to illegally use his mark. (*Id.* ¶ 5.) But notice cannot create personal jurisdiction because notifying Defendants was Plaintiff's action—not Defendants'. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."); *Walden*, 571 U.S. at 284. Thus, this allegation of notice is not relevant to the Court's consideration of personal jurisdiction.

### B. Defendants' Arizona-Specific Advertising and Contracts

Plaintiff's next jurisdictional allegations focus on Defendants' connections with advertisers as well as Defendants' own commercial transactions in Arizona. Plaintiff explains that Defendants use browser, device, and location data to allow advertisers to target users that may be particularly interested in specific products or services. (Doc. 30 ¶¶ 10-11.) Plaintiff alleges that Defendants take steps to alter users' advertising experiences to comply with local law. (*Id.* ¶ 12.) He alleges that Defendants can target Arizona residents specifically and allow their advertisers to do the same. (*Id.* ¶ 13.) And Defendants customize their website, and advertisers customize their ads to be Arizona-specific. (*Id.* ¶¶ 14, 16.) Finally, Defendants have various contracts that contemplate this type of targeted advertising, and Defendants engage in various types of Arizona-specific commerce. (*Id.* ¶¶ 11, 15.) Plaintiff believes these allegations rise to purposeful direction and/or availment and meet the first prong of specific jurisdiction. (*Id.* ¶¶ 10, 12.)

But without reaching the first *Schwarzenegger* prong, Plaintiff's claims do not meet the second because they do not arise out of or relate to these alleged forum-related activities. *See Schwarzenegger*, 374 F.3d at 802. Crucially, Plaintiff does not allege that the PHRONT mark has appeared in any advertising. And Plaintiff does not allege that any of Defendant's contracts or agreements acknowledge the PHRONT mark in any way. At most, Plaintiff suggests that an advertiser *could* request to "target only users in Arizona aged 18-25 interested in spiritual consulting" on Defendants' platforms. (Doc. 30 ¶ 11.)

1   But Plaintiff does not allege that any advertisers or third parties have done so—much less
2   the individuals that use the PHRONT usernames.
3       Plaintiff's other allegations, suggesting that Defendants do business in Arizona and
4   advertisers generally target Arizona residents on Defendants' platforms, are also unrelated.
5   Again, specific jurisdiction requires more than forum-related activities. *See*
6   *Schwarzenegger*, 374 F.3d at 802. Plaintiff must also allege that his claims arise out of or
7   relate to those activities. *Id.* He has not done so. Because these jurisdictional allegations
8   are unrelated to his claims, they have no bearing on whether this Court has specific personal
9   jurisdiction over Defendants.

### C.   Third Parties' Use of PHRONT Usernames on Defendants' Platforms

Finally, Plaintiff alleges that by permitting third parties to use PHRONT usernames on their platforms "Defendants knew their continued actions would have a significant impact on the Arizona marketplace (for instance, by causing confusion among local consumers regarding the origin of goods)." (Doc. 30 ¶ 6.) He also notes that despite allowing third parties to use the PHRONT usernames, Defendants retain the proprietary rights over the usernames and accounts. (*Id.* ¶¶ 7-9.)

Unlike the previous allegations, Plaintiff's infringement claims do arise out of Defendants' alleged misappropriation of PRHONT usernames. So, the first *Schwarzenegger* prong is met. But to satisfy his initial burden, Plaintiff must still show that Defendants either purposefully directed this misappropriation to Arizona or have somehow purposefully availed themselves of Arizona's laws. *Schwarzenegger*, 374 F.3d at 802. There is no indication that Defendants availed themselves of any benefits or protections of Arizona by allegedly misappropriating the PHRONT usernames. (*See* Doc. 34 at 8-9 (Plaintiff recites the legal standard for purposeful availment but not apply it).) Plaintiff does, however, argue that Defendants have purposefully directed their actions at Arizona. (*Id.* at 9-10.)

Courts within the Ninth Circuit analyze purposeful direction under the test set out in *Calder v. Jones*, 465 U.S. 783 (1984). *Briskin*, 135 F.4th at 751 (calling this the *Calder*

1  effects test, which "focuses on the forum in which the defendant's actions were felt,
2  whether or not the actions themselves occurred within the forum"). This requires that a
3  defendant "(1) commit an intentional act, that is (2) expressly aimed at the forum state, and
4  (3) which causes harm that the defendant knows will be suffered in the forum state."
5  *Briskin*, 135 F.4th at 751. Plaintiff describes Defendants' actions as both negligent and
6  intentional. (Doc. 34 at 9-10.) So, the Court will assume without deciding that the first
7  *Calder* effects element is met. But the Court cannot conclude that the other two elements
8  are met because this allegation is entirely conclusory.

9        Interactive websites, like Defendants', expressly aim wrongful conduct toward a
10  forum state when "its contacts are its own choice and not random, isolated, or fortuitous,
11  even if that platform cultivates a nationwide audience for commercial gain." *Briskin*, 135
12  F.4th at 758 (citation modified). In *Briskin*, the Ninth Circuit found there was specific
13  jurisdiction over Shopify where it allegedly misappropriated users' data through embedded
14  tracking software. *Id.* at 746. Shopify argued that the effect on the plaintiff was "mere
15  happenstance" because it was "agnostic" as to a user's location: it data-mined everyone, so
16  it could not have targeted the California user specifically. *Id.* at 756-57. But the court
17  rejected that argument. Because the data-mining happened on the plaintiff's device in
18  California, Spotify knew the device was in California, and it was doing so in violation of
19  California law, Spotify had expressly aimed its actions at California, thus there was specific
20  jurisdiction. *Id.* at 756-60.

21        Here, Plaintiff does not allege where the users of the PHRONT usernames are
22  located, or if the accounts have been used in Arizona. Instead, Plaintiff's only relevant
23  allegation is that Defendants knew their misappropriation of the usernames would impact
24  the Arizona marketplace. But he does not explain how or why this is the case. This
25  conclusory allegation is not enough to establish personal jurisdiction. *Swartz v. KPMG*
26  *LLP*, 476 F.3d 756 (9th Cir. 2007) ("Mere bare bones assertions of minimum contacts with
27  the forum or legal conclusions unsupported by specific factual allegations will not satisfy
28  a plaintiff's pleading burden." (citation modified)); *see also Discovery Land Co. LLC v.*

*Discovery Glob. LLC,* No. CV-20-01940-PHX-MTL, 2021 WL 148641, at *5 (D. Ariz. Jan 15, 2021) ("[T]he Court will not construe the Complaint's bare allegations, including that [the defendants] intended to cause harm, have caused harm, and misappropriated Plaintiff's intellectual property, as sufficient to demonstrate personal jurisdiction.").

Plaintiff has not pled allegations sufficient to establish personal jurisdiction over Defendants.

## IV.    LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be given freely "when justice so requires." But it is not required when amendment "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

A district court has discretion whether to grant or deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). And "a district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (1987) (quoting *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)).

The Court granted Plaintiff's first motion to amend his complaint. (Doc. 29.) But the Court denied Plaintiff's second motion to amend citing unfair prejudice to Defendants. (*Id.*) The Court noted multiple good faith consultations between the parties where Defendants conveyed various deficiencies with the original complaint, yet Plaintiff refused to amend or otherwise respond. (*Id.* at 2.) Only after Defendants moved to dismiss did Plaintiff first seek to amend his complaint. (Docs. 13, 18, 21.) And once Defendant X Corp. moved to dismiss that proposed amended complaint, Plaintiff yet again moved to amend. (Docs. 24, 25.) The Court voiced its concern of Plaintiff turning his complaint into a "moving target" which would require Defendants to expend "significant time and resources in order to understand and respond to [the complaint's] evolving allegations." (Doc. 29 at

2 (citing *Hanks v. Harper*, No. CV-19-03174-PHX-DLR, 2019 WL 6050229, at *2 (D. Ariz. Nov. 15, 2019)).) Accordingly, the Court ordered that no further amendment will be allowed without a strong showing of good cause and leave of court. (Doc. 29 at 3.)

Now, both Defendants have asked the Court to dismiss the FAC with prejudice. (Doc. 24 at 17-18; Doc. 32 at 16-18.) Plaintiff has not sought to leave to amend, let alone demonstrated good cause to do so. (Doc. 34.) Thus, the Court's previous concerns of unfair prejudice to Defendants remain unchanged. Moreover, the pleading stage has now exceeded eight months. For these reasons the Court will not grant leave to amend and will dismiss the FAC with prejudice.

## V.     CONCLUSION

Accordingly,

**IT IS ORDERED** granting Defendant X Corp.'s Motion to Dismiss (Doc. 24) and granting Defendant Meta's Motion to Dismiss (Doc. 32). Plaintiff's First Amended Complaint (Doc. 30) is dismissed with prejudice.

Dated this 24th day of October, 2025.

Michael T. Liburdi
United States District Judge