IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin T Hogen,<br><br>                    Plaintiff,<br><br>v.<br><br>X Corporation, et al.,<br><br>                    Defendants. | No. CV-24-03308-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiff Benjamin T. Hogen's Motion for Reconsideration. (Doc. 38). In its prior order, the Court found that it lacked personal jurisdiction over Meta because the company's alleged contacts with Arizona did not arise out of or relate to the alleged trademark violation. (Doc. 37). The Court therefore dismissed this case. (*Id.*) Plaintiff requests that the Court reopen this case based on allegations that Defendant Meta Platforms, Inc. ("Meta") has availed itself of Arizona's laws. (Doc. 38 at 2).

**I.**

The basis for Plaintiff's motion is his discovery that Meta used a pseudonymous entity called Redale LLC ("Redale") in connection with a real estate transaction for a large-scale date center project in Mesa, Arizona. (Doc. 38 at 2.) Plaintiff generally argues that Meta's "disregard of federal trademark law" creates the need for Meta to have more data centers. (*Id.* at 3.) He also claims that the Arizona data center stores data concerning the alleged trademark infringement in this case. (*Id.*)

. . .

## II.

Motions for reconsideration are denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Motions for reconsideration should be granted in only rare circumstances, *Lerner & Rowe PC v. Brown Engstrand & Shelly LLC*, 684 F. Supp. 3d 953, 955 (D. Ariz. 2023), and they should not be used to present evidence for the first time when it could have been raised earlier. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III.

With reasonable diligence, Plaintiff could have discovered this information and brought it to the Court's attention earlier. Plaintiff argues that the information was undiscoverable because Meta "concealed" its connection to Arizona by using Redale pseudonymously to make deals for the data center. (Doc 38 at 3.) But documents containing the "new" information Plaintiff now raises were publicly filed from 2019 through 2023, including a 2023 disclosure that Redale and Meta are the same. (*See id.* Exs. A–E.) Plaintiff filed his complaint on November 25, 2024, (Doc. 1), and his response to the Motion to Dismiss on April 7, 2025, (Doc. 17). The Court finds that Plaintiff has failed to "show[] new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). The Court must deny Plaintiff's Motion for Reconsideration (Doc. 38).

Even if this Court were to reconsider, the "new" information is not a sufficient basis for this Court to reconsider its prior determination that it lacks personal jurisdiction. A corporation can be subject to either general or specific personal jurisdiction; specific personal jurisdiction is at issue here. *Briskin v. Shopify*, 135 F.4th 739, 750 (9th Cir. 2025). To establish specific personal jurisdiction, Plaintiff must show that his claim "arises out of or relates to the defendant's forum-related activities." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). He argues only that "Meta's need for such facilities stems from the same willful and/or negligent conduct that caused it to infringe on

1  Plaintiff's federally protected mark." (Doc. 38 at 3.) Plaintiff's argument amounts to a bare
2  assertion that Meta needed to build its Arizona data center so that it could infringe on
3  Plaintiff's trademark. Beyond this general, conclusory statement, Plaintiff invites the Court
4  to accept conclusions unsubstantiated by any evidence, like Plaintiff's allegation that the
5  Arizona data center stores data specifically pertaining to the alleged trademark in this case.
6  (*Id.*) The Court declines that invitation. Even if the Court were to grant the motion,
7  Plaintiff's bare assertions do not create personal jurisdiction.

### IV.

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 38) is **DENIED**.

Dated this 10th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge